Edwin P. JOHNSON, Appellant,

v.

UTAH POWER & LIGHT COMPANY, a corporation, Appellee.

No. 13907.

United States Court of Appeals Ninth Circuit.

Sept. 22, 1954.

Rehearing Denied Oct. 29, 1954.

Callis A. Caldwell, Pocatello, Idaho, Lewis J. Wallace, M. Blaine Peterson, Ogden, Utah, for appellant.

A. L. Merrill, R. D. Merrill, W. F. Merrill, Merrill & Merrill, Pocatello, Idaho, Charles L. Ovard, F. Gerald Irvine, Salt Lake City, Utah, for appellee.

1. "52–101. Nuisance defined.—Anything which is injurious to health or morals, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, stream, canal, or basin, or any public park, square, street or highway, is a nuisance."

Before HEALY, POPE, and FEE, Circuit Judges.

HEALY, Circuit Judge.

This is a suit by appellant to recover damages for the alleged maintenance of a nuisance as defined in § 52–101, Idaho Code.[1] Appellant three times amended his complaint and the court dismissed with prejudice the third amended pleading for failure to state a claim upon which relief can be granted.

Appellant's claim is that he owns, and has owned for some forty years, 153 acres of farm land on the westerly side of Bear River in Idaho, and that he lives on the easterly side of the river. Because his tillable land is surrounded by mountains and by the stream, it is and has been necessary for him to cross and recross the river with his equipment, etc., in the course of his farming operations. This he has done by fording the stream. Appellee Power and Light Company, which maintains a series of dams and power plants on the Bear River, has allegedly, since the year 1949, by its operations interfered with the natural flow of the river by increasing the flow to such an extent that appellant's access to and from his farm land has been obstructed in that he is unable to ford the stream as had been his wont. Such obstruction, he alleged, constitutes a nuisance which has caused him damage through loss of crops and has decreased the value of his farm.

No claim was made that the water overflowed his land or in any way departed from the natural channel of the river. Nor was it asserted that appellee is using the water or the channel of Bear River for purposes other than those authorized by law. Basically, appellant's position would seem to be that as a riparian proprietor he has a right to insist that the water of the stream

continue to flow as it has been wont to flow. The assumption, we think, runs counter to the system of water law prevailing in nearly all the arid states, including Idaho. Idaho statutes, in force long before appellant acquired his lands and in force today, declare the right of appropriators of water for irrigation or other lawful purpose to use the channel of natural streams for carrying stored water or water diverted from other streams. See § 42–105, Idaho Code; § 42–801, Ibid. The only restrictions imposed in this respect are for the protection of other appropriators. A local statute, § 52–108, Idaho Code, states: "Nothing which is done or maintained under the express authority of a statute can be deemd a nuisance."

█ The case of Schodde v. Twin Falls Land and Water Co., 224 U.S. 107, 32 S.Ct. 470, 56 L.Ed. 686, which came up to the Supreme Court from the federal court for Idaho via the Ninth Circuit Court of Appeals, 161 F. 43, established the proposition that the current of a river can not be appropriated by a riparian proprietor in Idaho, even assuming the possible persistence in that state of the doctrine of riparian rights side by side with the doctrine which that state has so long espoused.[2] In our opinion the Schodde case supplies a complete answer to appellant's contentions.[3] Compare also Jeffers v. Montana Power Co., 68 Mont. 114, 217 P. 652. No Idaho State decisions at all in point have been cited to the contrary.

. We may add that, in ruling on the motion to dismiss, the District Court took judicial notice of a decree of that court rendered July 14, 1920 wherein appellee was plaintiff and appellant was one of many defendants, which decree adjudicated the rights of Idaho users of the waters of Bear Lake and of Bear River and its tributaries. Among other things, the decree provided that the Utah Power and Light Company has the right, subject to prior rights, to store in Bear Lake the waters of Bear River to the extent of 5,500 cubic feet per second, and to release the same through its outlet canal "and thence down the natural channel of Bear River, for use at various points of diversion now existing, or which may hereafter be established by the plaintiff for the generation of electric power, and for such irrigation or other beneficial purposes, recognized by law, as the plaintiff may devote or dedicate said released stored waters, by use, sale, rental, or otherwise." The decree further provided that appellee might "at all times, and at all seasons" divert and impound the described waters when not interfering with prior rights fixed by the decree, "and the waters released by it from storage may be conveyed through the natural channel of the river, and shall be protected under the provisions of this decree for the distribution designated by the plaintiff, as though kept and conveyed within an artificial channel." The decree also awarded to appellant water with fixed date of priority for the irrigation of appellant's lands involved in the present action.

The majority of this court are agreed that the prior decree would constitute competent and material evidence in support of a claim of res judicata had it been pleaded and introduced by the defense. But since this was not done we have not considered the decree as lending support to the judgment below. We are satisfied that the court's disposition of the case is warranted altogether apart from the decree of which judicial notice was taken.

The judgment of dismissal is affirmed.

2. The Idaho Constitution, Article 15, § 3, provides in part:
   "The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied * * *."

3. Appellant relies heavily on Hot Springs R. Co. v. Williamson, 136 U.S. 121, 10 S.Ct. 955, 34 L.Ed. 355. That holding is not applicable here in light of the Schodde case, supra.