R. B. RIVERS, doing business as Rivers Navigation Co., Appellant,

v.

IDAHO POWER COMPANY, a corporation, Appellee.

No. 16929.

United States Court of Appeals Ninth Circuit.

Aug. 24, 1962.

William R. Padgett, Boise, Idaho, for appellant.

Clements & Clements, Lewiston, Idaho, Parry, Robertson & Daly, Twin Falls, Idaho, and James E. Bruce, Boise, Idaho, for appellee.

Before ORR, CHAMBERS and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge.

Rivers carries the mail as a private contractor for the United States government for a distance of 87 miles by boat up the Snake River from Lewiston, Idaho, to Johnson's Bar. Idaho Power, pursuant to a license issued in 1955 from the Federal Power Commission, has built three power dams above Johnson's Bar on the Snake which impound water to discharge and make power. Obviously, the flow of the stream below the dams has been affected.

Rivers, plaintiff and appellant, claims that the reduction of the normal flow of the Snake has caused and will cause him great damage in his navigation of the stream with his boat during the five year period of his mail contract, commencing July 1, 1958.

The court granted Idaho Power's motion to dismiss and its motion for summary judgment. We hold the judgment entered thereon was correct.

It is apparent Idaho Power's license for the three dams, a subject of great controversy at the time, was granted almost three years prior to Rivers' mail contract, the date of the latter in 1958 being the date of his commencement to be an owner of a business on the river.

Rivers did not plead that Idaho Power had failed to release the amount of water it was required under its federal power license to release, only that Idaho Power "caused a reduction of the normal flow of the waters of the Snake River * *." If he could have so pleaded and had done so, the question might be more difficult.

We have examined the cases cited by both parties. We are convinced that whatever riparian rights may exist in Idaho, Rivers had none. As a general member of the public he took his subsequent mail contract subject to whatever the federal power license had done to the Snake River.

We affirm on the authority of Schodde v. Twin Falls Land and Water Co., 9 Cir., 161 F. 43; 224 U.S. 107, 32 S.Ct. 470, 56 L.Ed. 686, and Johnson v. Utah Power & Light Company, 9 Cir., 215 F.2d 814, the two cases relied upon by the district court.

At oral argument this court questioned federal jurisdiction. After examining the briefs of the parties, the court is satisfied this was a "federal case." It believes its earlier doubts as to jurisdiction were simply doubts as to the claim stated.

Affirmed.